IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KEITH BAILEY and SHENIKA BAILEY, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) )  CASE NO. 2:22-CV-532-WKW ) |
| THE TOWN OF FORT DEPOSIT, ALABAMA, and MAYOR JACQUELINE BOONE, in her individual and official capacities, | ) ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION AND ORDER**

In this action, which was removed from state court, Plaintiffs Keith Bailey and Shenika Bailey allege (1) that Defendants Town of Fort Deposit, Alabama (the Town) and Mayor Jacqueline Boone violated the Equal Protection Clause of the Fourteenth Amendment as enforced under 42 U.S.C. § 1983 and (2) that Defendants, under Alabama law, were negligent and arbitrarily revoked a business license issued to Plaintiffs' business, The Sky Boxx Bar and Grill. (Doc. # 1.) Pending before court is Defendants' motion for summary judgment. (Doc. # 14.) The motion argues that Plaintiffs' action (1) is barred by the statute of limitations, (2) is barred by *res judicata*, (3) fails against Defendant Boone in her official capacity because it is duplicative of the claims against the Town, (4) lacks genuine disputes of fact as to

all claims, and (5) fails to show that Defendant Boone is not entitled to qualified immunity as to the claims against her in her individual capacity.

For the following reasons, the motion will be granted and judgment as a matter of law entered in the Defendants' favor.

## I. JURISDICTION AND VENUE

Subject matter jurisdiction is proper under 28 U.S.C. § 1331 (federal-question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction). The parties do not contest personal jurisdiction or venue.

## II. STANDARD OF REVIEW

To succeed on a motion for summary judgment, the moving party must demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court views the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmoving party. *Jean-Baptiste v. Gutierrez*, 627 F.3d 816, 820 (11th Cir. 2010).

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for the motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This responsibility includes identifying the portions of the record illustrating the absence of a genuine dispute of material fact. *Id.* Alternatively, a movant who does not have a trial burden of production can

assert, without citing the record, that the nonmoving party "cannot produce admissible evidence to support" a material fact. Fed. R. Civ. P. 56(c)(1)(B); *see also* Fed. R. Civ. P. 56 advisory committee's note ("Subdivision (c)(1)(B) recognizes that a party need not always point to specific record materials . . . . [A] party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact.").

If the movant meets its burden, the burden shifts to the nonmoving party to establish—with evidence beyond the pleadings—that a genuine dispute material to each of its claims for relief exists. *Celotex Corp.*, 477 U.S. at 324. A genuine dispute of material fact exists when the nonmoving party produces evidence allowing a reasonable fact finder to return a verdict in its favor. *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001).

### III.  BACKGROUND

If one were to look only at the Plaintiffs' nonconclusory factual allegations in their complaint (Doc. # 1-1) and summary-judgment briefing (Doc. # 20 at 2–4), then this is all that you would know:

1. "The Town of Fort Deposit" is a municipality.

2. Plaintiffs Keith and Shenika Bailey are "husband and wife." (Doc. # 1-1 at 3.)

3

3. The Baileys have a business: "The Sky Boxx Bar and Grill," which is located in the Town. (Doc. # 20 at 3–4.)

4. The Baileys and the Defendants "have had a contentious relationship dating back to 2017." (Doc. # 20 at 3.)

5. Also "[d]ating back to March 2, 2017," the Town began to unlawfully "subvert and sabotage" the Sky Boxx Bar and Grill. (Doc. # 20 at 3.)

6. At some point, the Town revoked Sky Boxx Bar and Grill's business license without giving the Baileys "notice and an opportunity to be heard on any objection [they] may have had." (Doc. # 20 at 7) ("At the heart of the dispute is that after approving [a liquor license] . . . and issuing [a business license] . . . [the Town] . . . had the same revoked.").

7. The Town's Mayor, Defendant Jacqueline Boone, maintains private businesses, which she advertises for on social media. (Doc. # 20 at 4.)

8. On Labor Day of 2021, the Town and Mayor Boone held a "Blues Show" at the Town's park. (Doc. # 20 at 4.)

9. One of the Baileys has a "car dealership." (Doc. # 20 at 5.)

Those are all the nonconclusory facts that Plaintiffs highlight in their complaint and summary-judgment briefing, which Plaintiffs say is sufficient to state constitutional

and state-law violations.[1]  But whether the complaint sufficiently states a claim is not directly at issue.  This case is before the court at summary judgment.[2]  Discovery was conducted, and depositions were taken.  As Defendants cite in their brief, the undisputed evidence from discovery fills in some of the gaps in the Plaintiffs' factual framing:

In 2016, Shenika Bailey acquired a liquor license from the Town for her business—The Sky Boxx Bar and Grill (the Bar). (Doc. # 14-5 at 1.)  Three months later, the Alabama Beverage Control Board (ABC) cited Bailey for several violations of ABC Rules.  (Doc. # 14-5 at 6.)  In early 2017, the Town launched a formal complaint against the Bar because of complaints "too numerous to count" about the operation of the business.  (Doc. # 14-5 at 24.)  The Town requested that ABC revoke the liquor license it had issued to Shenika Bailey.  On March 2, 2017, the Town Counsel held a hearing, at which the Baileys attended and testified, wherein the Town revoked the Bar's business license.  (Doc. # 14-9.)  Because the business

---

[1] The remainder of the Plaintiffs' three-page factual recitation contains conclusory statements like this: "The plaintiffs allege that that they have been subjected to a double standard detrimental, actions that are arbitrary and capricious, to not only his business interests in the entertainment industry within the Town of Fort Deposit, but also his other business interests, such as his car dealership. Plaintiff avers that he is subjected to selective enforcement and discriminatory treatment."  (Doc. # 20 at 4.)  And this: "These and other business interests involving the Mayor, Jacqueline Boone and her cohorts, and other Town officials acting in concert with her so as to deprive the plaintiffs of life, liberty, equal protection, due process of law, deprivation of rights secured and guaranteed to him by the laws and Constitution of the State of Alabama and the United States."  (Doc. # 20 at 4.)

[2] The Defendants did not file a motion to dismiss.

license was revoked the ABC's liquor license became invalid as a matter of course. The Bar shut down.

Five days after the hearing, the Baileys sued in the Circuit Court of Lowndes County, alleging that the revocation of the business license was "arbitrary and capricious and in violation of municipal, state and federal laws and regulations." (Doc. # 14-13.) The circuit judge held a hearing on March 27, 2017. Thereafter, on April 4, 2017, the circuit judge entered an order upholding the Town's revocation of the business license and entering judgment in favor of the Town on the basis that the Baileys had not established that the revocation was "arbitrary and capricious." (Doc. # 4-13.) The Baileys chose to not appeal.

Five years passed. Then, on August 24, 2022, the Baileys filed this lawsuit in the Circuit Court of Lowndes County alleging that the 2017 revocation of the business license was negligent, discriminatory, arbitrary, and capricious. (Doc. # 1-1.) On September 9, 2022, the Defendants, invoking federal-question jurisdiction, removed the action to this court. (Doc. # 1.) Plaintiffs did not move for remand.

## IV. DISCUSSION

Five years ago, Plaintiffs' business license was revoked by the Town. They sued in state court alleging the revocation was arbitrary and capricious. A circuit judge heard the case and issued a judgment on the merits against the Plaintiffs and

6

upholding the license's revocation. Plaintiffs did not appeal that judgment. Instead, they let five years pass. In the interim, Plaintiffs never sought a new business license and they do not state any other facts occurring before 2019. But now they bring suit alleging that the 2017 revocation was arbitrary, capricious, negligent, and discriminatory in violation of the Fourteenth Amendment and Alabama state law, among other nebulous claims.

The nature of Plaintiffs' claims is unclear. It is equally unclear as to what Plaintiffs ask the court to do at this late date. But under any discernible formulation of the claims and relief sought, summary judgment is due in Defendants' favor.

To the extent Plaintiffs bring monetary-damages claims based on the revocation of the business license, those claims are time-barred by the applicable two-year statute of limitations and will be dismissed. *Breland v. City of Fairhope*, 229 So. 3d 1078, 1088–89 (Ala. 2016) (explaining, in context of applying statutes of limitation, the difference between backward-looking damages claims and forward-looking equitable relief).

To the extent that they seek equitable relief on the allegations that the business-license revocation was arbitrary and capricious under any law, those claims are barred by *res judicata* given the state court judgment on the merits of that identical claim in 2017, which Plaintiff chose to not appeal. *Equity Res. Mgmt., Inc. v. Vinson*, 723 So. 2d 634, 636 (Ala. 1998) (outlining Alabama's four-element

7

preclusion test).

To the extent that they bring claims against Defendant Boone in her official capacity for equitable relief, those claims are duplicative of the claims against the town.  To the extent that they bring claims against Defendant Boone in her individual capacity, damages are not available because they are time-barred and injunctive relief is not available because she cannot order the Town Council to vacate its 2017 decision.  So, all individual-capacity claims against Boone are out as well.

Finally, to the extent that they allege any other claims (negligence, equal protection, etc.) under any other law against either of the Defendants, Plaintiffs have not carried their burden in establishing genuine disputes of fact as to those claims.  *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001) ("A genuine dispute of material fact exists when the nonmoving party produces evidence allowing a reasonable fact finder to return a verdict in its favor.").  Indeed, Plaintiffs' summary judgment briefing fails to analyze the elements of any claim (other than the precluded arbitrary/capricious allegation) or highlight to the court what nonconclusory facts support each element.  (*See* Doc. # 20 at 1–14.)  The court will not do that work for Plaintiffs in this opinion.[3]  But even if the court did, it cannot

---

[3] It is not the district court's role "to distill any possible argument [that] could be made based on the materials before the court.  Presenting such arguments in opposition to a motion for summary judgment is the responsibility of the non-moving party, not the court." *Blue Cross & Blue Shield of Ala. v. Weitz*, 913 F.2d 1544, 1550 (11th Cir. 1990).

identify a single viable claim based on the complaint's allegations or the evidence in the record when viewed in the light most favorable to Plaintiffs.

At bottom, it appears that Plaintiffs would like their 2017 business license reinstated. They sued for that very thing in 2017. They lost and did not appeal. Five years later, they bring the same suit here. Defendants' motion for summary judgment will be granted.

## V.  CONCLUSION

Accordingly, it is ORDERED that Defendant Town of Fort Deposit, Alabama, and Defendant Jacqueline Boone's motion for summary judgment (Doc. # 14) is GRANTED.  A final judgment will be entered separately.

DONE this 31st day of July, 2023.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE